UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-2277-MWF (MRWx) | **Date:** July 6, 2020 |
| **Title:** Tapatio Foods, LLC v. Mario Mendizabal et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [33]

Before the Court is Plaintiff Tapatio Foods, LLC's ("Tapatio") Motion for Entry of Default Judgment Against Defendant Mario Mendizabal (the "Motion), filed on June 1, 2020. (Docket No. 33). No Oppositions to the Motion were filed, and Mendizabal did not otherwise respond to the Motion.

The Motion was noticed to be heard on July 6, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. Tapatio has satisfied the procedural and substantive requirements to obtain a default judgment.

**I.    BACKGROUND**

Tapatio commenced this action on March 26, 2019. (*See generally* Complaint (Docket No. 1)). The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2277-MWF (MRWx)            **Date:** July 6, 2020
**Title:**     Tapatio Foods, LLC v. Mario Mendizabal et al.

Tapatio is the owner of United States Trademark Registration No. 1,228,964 (the "964 Registration") for "TAPATIO" in International Class 30 for meatless hot sauce. (Complaint ¶ 7). The 964 Registration has a registration date of March 1, 1983 and a first use in commerce date of November 10, 1977. (*Id*.). The mark is now incontestable, and is attached to the Complaint as Exhibit A. (*Id*.).

Tapatio is also the owner of United States Trademark Registration No. 4,997,043 (the "043 Registration") for "TAPATIO" in International Class 030 for seasonings. (*Id*. ¶ 8). This registration has a registration date of July 12, 2016 and a first use in commerce date of June 2015. (*Id*.). The 043 Registration is attached to the Complaint as Exhibit B. (*Id*.).

Tapatio is also the owner of United States Trademark Registration No. 3,837,981 (the "981 Registration") for "TAPATIO SALSA PICANTE" and Design in International Class 030 for meatless hot sauce. (*Id*. ¶ 9). This registration has a registration date of August 24, 2010 and a first use in commerce date of February 25, 1997. (*Id*.). The mark is now incontestable, and is attached to the Complaint as Exhibit C. (*Id*.). Collectively, these three registrations are referred to in the Complaint as the "Tapatio Marks."

The Tapatio Marks are the subject of extensive advertising by Tapatio, including but not limited to use of the marks on billboards, in magazines, on the internet and social media, in commercials, and in tradeshows. (*Id*. ¶ 12). Products bearing the Tapatio Marks are available for sale in grocery stores and specialty goods retailers nationwide, and are featured as the hot sauce of choice for a number of restaurants. (*Id*. ¶ 13). The Tapatio Marks are strong marks that, through Tapatio's continuous use of the marks on high quality meatless hot sauce and other goods, have come to acquire significant secondary meaning and goodwill in the mind of the consuming public who associate the Tapatio Marks with Tapatio. (*Id*. ¶ 14). The Tapatio Marks are "famous" marks within the meaning of the term as defined in the Federal Trademark Dilution Act 15 U.S.C. § 1125(c)(2)(A). (*Id*. ¶ 15).

In 2017, Defendants began to manufacture, sell, offer for sale, advertise, and/or distribute meatless hot sauce and other related products under a variety of marks that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2277-MWF (MRWx)            **Date:** July 6, 2020

**Title:**     Tapatio Foods, LLC v. Mario Mendizabal et al.

are confusingly similar to the Tapatio Marks. (*Id*. ¶ 16). These products were advertised to be infused with 300 MG of THC. (*Id*. ¶ 17). On October 16, 2017, Tapatio filed suit against Mendizabal, and on February 27, 2018, after the clerk first entered a general default against Mendizabal for failure to answer the complaint, the Court then entered default judgment and a permanent injunction against Mendizabal. (*Id*. ¶¶ 18-19). The injunction prohibited Mendizabal from, among other things, using or adopting for any product or service, or in any marketing material the trademark containing the words Tapatio, Trapatio, or any marks confusingly similar to Tapatio. (*Id*. ¶ 19). A copy of the injunction is attached to the Complaint as Exhibit D. (*Id*.).

On January 30, 2018, counsel for Defendant Payaso Grow contacted counsel for Tapatio and inquired if his client could use a revised mark bearing the phrase "TRAPSAUCE" in connection with the sale of THC infused meatless hot sauce, along with a design mark (the "Trapsauce Mark"). (*Id*. ¶ 21). The Trapsauce Mark continued to use a red arching font that arched over a man who was in turn displayed over a red furled banner. (*Id*.). Tapatio objected to the use and informed counsel for Payaso Grow of the same. (*Id*. ¶ 22). A copy of this correspondence is attached to the Complaint as Exhibit F. (*Id*.).

On information and belief, despite Tapatio warning Payaso Grow that the Trapsauce Mark was confusingly similar to the Tapatio Marks, Payaso Grow began to manufacture, distribute and sell bottles of THC infused meatless hot sauce bearing the Trapsauce Mark. (*Id*. ¶ 23). Shortly thereafter, Mendizabal began to advertise the availability of products featuring the Trapsauce Mark on his personal Instagram page under the username "Chile323." (*Id*. ¶ 24). A copy of representative advertisements are attached as Exhibit G to the Complaint.

On information and belief, the Trapsauce Mark along with several variations (collectively, the "Infringing Marks") are advertised to the same class of consumers as goods sold by Tapatio under the Tapatio Marks. (*Id*. ¶ 25). On information and belief, the Infringing Marks are advertised in the same marketing channels as goods sold by Tapatio under the Tapatio Marks. (*Id*. ¶ 26). On information and belief, the Infringing Marks are used on products that are inexpensive. (*Id*. ¶ 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2277-MWF (MRWx)           **Date:** July 6, 2020
**Title:** Tapatio Foods, LLC v. Mario Mendizabal et al.

    The word "Trapsauce" appears on Defendants' products in a red arching font in a confusingly similar manner to Tapatio's use of "Tapatio." (*Id*. ¶ 28). On information and belief, many of the Infringing Marks that Defendants use in connection with the sale, advertising, offer for sale, manufacturing and distribution of meatless hot sauce also include a curled red banner with white text that is positioned under a man. (*Id*. ¶ 29). The use of the Infringing Marks by Defendants is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation of Defendants' goods, on the one hand, and Tapatio's goods on the other hand. (*Id*. ¶ 30).

    Defendants' infringement of the Tapatio marks is willful, particularly given the fact that Payaso Grow was told by Tapatio that it did not have permission to use the Trapsauce Mark because it would create a likelihood of confusion with the Tapatio Marks, and Mendizabal is subject to a permanent injunction prohibiting him from using marks that are confusingly similar to the Tapatio Marks. (*Id*. ¶ 31).

    Defendants claim that one or more of the products sold, produced, or manufactured by them or on their behalf that bear the Infringing Marks are infused with marijuana (cannabis) and contain THC. (*Id*. ¶ 32). Defendants claim that one or more of the products sold, produced, or manufactured by them or on their behalf that bear the Infringing Marks are infused by Payaso Grow. (*Id*. ¶ 33). On information and belief, marijuana is a Schedule 1 drug under U.S. Federal Law. (*Id*. ¶ 34). On information and belief, other Schedule 1 drugs include, but are not limited to heroin, ecstasy, and LSD. (*Id*. ¶ 35). On information and belief, the sale, distribution, advertising for sale, and consumption of marijuana is illegal under U.S. Federal Law. (*Id*. ¶ 36). By using a mark that evokes the Tapatio Marks in connection with the sale of products that illegally contain a Schedule 1 controlled substance, Defendants have tarnished the reputation of the Tapatio Marks. (*Id*. ¶ 37).

    Based on these allegations, Plaintiff asserts five claims for relief: (1) Trademark Infringement of a Registered Trademark under the Lanham Act 15 U.S.C. § 1114; (2) Unfair Competition under the Lanham Act 15 U.S.C. § 1125; (3) Unfair Competition under Cal. Civ. Code § 17200; (4) Dilution by Tarnishment under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2277-MWF (MRWx)                    Date:  July 6, 2020
Title:    Tapatio Foods, LLC v. Mario Mendizabal et al.

Lanham Act 15 U.S.C. § 1125(c)(2)(C); and (5) breach of settlement agreement against Payaso Grow only.  (*Id*. ¶¶ 38-64).

On April 11, 2019, Tapatio dismissed Defendant TCG Industries, LLC d/b/a Payaso Grow from the action.  (Docket No. 14).

## II.    DISCUSSION

### A.    Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Tapatio has met all the procedural requirements for obtaining a default judgment against Mendizabal.

On October 21, 2019, Tapatio filed an ex parte application seeking to serve Mendizabal via the email Mendizabal used to create his Instagram account (the "Application"), as Tapatio was having difficulty serving Mendizabal through more traditional methods.  (Docket No. 19).  On October 29, 2019, the Court denied Tapatio's Application, reasoning that "there is no evidence that [Mendizabal] checks the emails associated with his Instagram account."  (Docket No. 21 at 2-3).  The Court permitted Tapatio to re-file its application as a regularly noticed motion to serve "via alternative means."  (*Id*. at 3).

On March 5, 2020, the Court granted Tapatio's Motion to Serve Mendizabal By Publication, reasoning that "the Court has no difficulty concluding that Tapatio has made all reasonable efforts to locate Mendizabal, who appears to be evading civil prosecution in the United States given his flight from his various residences," and therefore "[s]ervice by publication is . . . necessary for Tapatio to pursue its claims in this action."  (Docket No. 28 at 3-4).  Accordingly, the Court ordered that "service by publication in California pursuant to California Code of Civil Procedure section 415.50(b) and California Government Code section 6064" would "be deemed complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-2277-MWF (MRWx)           **Date:** July 6, 2020
**Title:**     Tapatio Foods, LLC v. Mario Mendizabal et al.

the 28th day from the first day of publication in the Los Angeles Times newspaper." (*Id*. at 4) (citing Cal. Gov't Code § 6064).

On April 10, 2020, Tapatio filed a proof of service indicating that the documents had been published in the "Los Angeles Times, Sunday East and West Edition, on March 22, 2020, March 29, 2020, April 5, 2020, and . . . April 11, 2020." (Docket No. 29 at 1).

Accordingly, the Court is satisfied that service was properly effectuated pursuant to California Code of Civil Procedure section 415.50(b) and California Government Code section 6064.

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant(s). The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendant(s). Plaintiff filed a proof of service with the Court showing that its counsel sent the Motion via U.S. mail to Mendizabal at his known addresses and via email at the above address on June 1, 2020. (Docket No. 33 at 3). The Court is therefore satisfied that Mendizabal has actual notice of the Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Having reviewed the filings in this action, the Court determines that the five procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against Mendizabal on May 21, 2020 (Docket No. 31); (2) Mendizabal failed to respond to the Complaint; (3) Mendizabal is not an infant or incompetent person; (4) Mendizabal is not serving in the military and thus the Service Members Civil Relief Act does not apply; and (5) Tapatio served Mendizabal on June 1, 2020, with notice of the Motion and supporting papers, in a manner deemed appropriate by the Court. (*See* Docket No. 33 at 3).

Accordingly, Tapatio has satisfied the procedural requirements for obtaining entry of a default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-2277-MWF (MRWx) | **Date:** July 6, 2020 |
| **Title:** Tapatio Foods, LLC v. Mario Mendizabal et al. | |

### B. The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id*. If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages. Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.

### C. Remedies

Having determined that entry of default is appropriate, the Court next must consider remedies. Tapatio seeks only a permanent injunction against Mendizabal to prevent future infringement. (Motion at 11-12). This request is proper because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)).

The Lanham Act provides for injunctive relief against a defendant to prevent future infringement. 15 U.S.C. § 1116(a). Given that the Court accepts Tapatio's claim that Mendizabal has violated the Lanham Act in the manner described above, the Court finds it appropriate to grant the requested injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-2277-MWF (MRWx)           **Date:**  July 6, 2020
**Title:**  Tapatio Foods, LLC v. Mario Mendizabal et al.

### III. CONCLUSION

For the foregoing reasons, the Motion against Mendizabal is **GRANTED**. The Court orders Mendizabal to come into compliance with the Lanham Act. A separate judgment shall issue.

IT IS SO ORDERED.